DANIEL McINNIS et al. *v.* J. W. MITCHUM.

Ejectment — Tax-Collector's Deed — Act of 1872.

> A tax-collector's deeds under a sale made under the Act of 1872, Acts
> page 1, entitled, "An Act to amend the revenue laws and for other pur-
> poses," is not *prima facie* evidence of the existence of those things
> requisite to a valid sale.[1]

Ejectment by appellants against appellees to recover certain
lands described in his declaration. From a verdict and judgment
for defendant, plaintiffs appeal.

Plaintiffs claimed the land as the children and only heirs of
John McInnis. They deraign their title as follows: Patent from
the United States to James McRea, and deed from McRea to John
McInnis, and they introduce evidence of the death of John
McInnis, and that they were the children and only heirs at law
of said John McInnis. Defendant claimed under a tax-collector's
deed from the tax-collector of the county to one Walter Acker,
dated May 18, 1874, under a sale for the taxes of 1873, and a
deed from Acker to defendant. No evidence as to the validity of
the tax-collector's deed was offered by the defendant.

Plaintiffs' motion for a new trial was overruled, and they
appealed.

APPEALED from Circuit Court, Jasper county, A. G. MAYERS,
Judge.

Reversed and remanded for a new trial, June 2, 1881.

*Attorney for appellant, T. J. Hardy.*

*Attorney for appellee, S. T. Street.*

Brief of T. J. Hardy:

The court has no power to decide upon the weight of evidence.
The question of the relationship of Walter Acker with plaintiffs

---

[1]
 A tax-collector's deed is *prima facie* evidence that the assessment and sale
were valid. *Lochte v. Austin*, 69 Miss. 271; 13 So. 838.

was a matter of fact deducible from the evidence, and which was solely the province of the jury to decide. 4 How. 567; 33 Miss. 389; 5 How. 495; 5 Cush. 198; 12 S. & M. 9; 13 S. & M. 617.

The evidence showed that Walter Acker was representing the plaintiffs at the time he purchased the lands in controversy, because he states that he purchased the lands with the view of reconveying them to plaintiffs for his services, etc. Under the proofs in this case, Acker could not purchase the lands at tax sale so as to obtain a title against plaintiffs. 56 Miss. 76 and 601.

The second assignment involves the same question as to the ruling of the court upon the weight of evidence as is involved in the first.

The court should have instructed the jury what was necessary under the law to constitute a legal assessment of the lands, and the jury should have been allowed to decide from the evidence whether the assessment was legal or not. The ruling of the court was upon the weight of the evidence, and not upon its legality, and was therefore erroneous.

Brief of S. T. Street:

The tax-collector's deed to Acker is *prima facie* evidence that the law, in the *assessment* and sale of the land, had been complied with. If plaintiffs complain of the assessment, they must show affirmatively that there was an erroneous assessment, or no assessment at all. The evidence in this case establishes the fact that there was an assessment, although the original could not be produced at the trial.

The record does not sustain the position that Acker was acting as attorney or agent of plaintiffs when he purchased the land at tax sale. It is positively denied by his own testimony.

The record shows that Acker had purchased the land at tax sale about four years before he sold to defendant, and that he repeatedly wrote to plaintiffs he had purchased the land, and that he sold to defendant in good faith and for a valuable consideration. Then even if Acker did not act in good faith toward plaintiffs, that could not affect the rights of defendant, who was a *bona fide* purchaser for valuable consideration, without notice. 46 Miss. 489.

Plaintiffs were bound to claim their property of Acker in a reasonable time. 56 Miss. 541.

The verdict of the jury is sustained by the evidence, and that cures any erroneous ruling of the court.

OPINION.—CAMPBELL, J.:

The deed made by the tax-collector to Acker was treated in the court below by counsel and court as *prima facie* evidence of title. This was erroneous. The sale was under the Act of 1872, entitled "An Act to amend the revenue laws and for other purposes," Acts, p. 1, and under it the deed was not *prima facie* evidence of those things requisite to a valid sale. Therefore it devolved on the party relying on a sale for taxes to show its validity. As the deed did not import validity, the evidence was not sufficient to show a valid sale.

*Judgment reversed* and cause remanded for a new trial.